UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————X

IRAKLI ASLANISHVILI,

                                Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER
FRANCIS COLLADO, Shield #11665, DETECTIVE
ANTHONY MAIDA, Shield #3317, SEREGEANT
CLIFFORD STRONG, Shield #4309, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                              Defendants.

—————————————————————X

**SECOND AMENDED
COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

      Plaintiff IRAKLI ASLANISHVILI, for his complaint, by his attorney DAVID A.

ZELMAN, upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff IRAKLI ASLANISHVILI (hereinafter

    "ASLANISHVILI" or "Plaintiff") seeks damages to redress the deprivation, under color

    of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth

    Amendments of the United States Constitution. On or about January 24, 2014,

    ASLANISHVILI was falsely arrested by employees of the City of New York, including

    but not limited to POLICE OFFICER FRANCIS COLLADO, Shield #11665,

    DETECTIVE ANTHONY MAIDA, Shield #3317, and SERGEANT CLIFFORD

    STRONG, Shield #4309. As a result of the violation of his constitutional rights,

    ASLANISHVILI suffered physical and mental injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides

for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States.  This Court has pendant jurisdiction over

Plaintiff's state law claims.

### III. PARTIES

3.   ASLANISHVILI at all times relevant hereto resided in Brooklyn, NY.

4.   Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.   Defendant POLICE OFFICER FRANCIS COLLADO, Shield #11665 (hereinafter "COLLADO" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  COLLADO is sued in his official and individual capacity.

6.   DETECTIVE ANTHONY MAIDA, Shield #3317 (hereinafter "MAIDA" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  MAIDA is sued in his official and individual capacity.

7.   SERGEANT CLIFFORD STRONG, Shield #4309 (hereinafter "STRONG" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  STRONG is sued in his official and individual capacity.

2

8.    Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

9.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

IV. FACTS

10.   On or about January 24, 2014, at approximately 4:25 P.M., ASLANISHVILI  was at or near the intersection of Stillwell Avenue and 86th Street in Brooklyn, NY.

11.   ASLANISHVILI was approached by employees of the City of New York, including but not limited to Defendants COLLADO, MAIDA, and STRONG.

12.   Defendants invasively searched ASLANISHVILI on the street.

13.   Defendants found and seized Suboxone on ASLANISHVILI's person during the search. ASLANISHVILI had a prescription for Suboxone, which was used to assist ASLANISHVILI with drug addiction.

14.   ASLANISHVILI was handcuffed and falsely arrested by Defendants, and transported to the 62nd precinct where he was strip searched

15.   ASLANISHVILI was then transferred to Central Booking.

16.   ASLANISHVILI was detained for more than 24 hours before he was arraigned and released on his own recognizance.

17.   Because Defendants seized the Suboxone from ASLANISHVILI's person, ASLANISHVILI was unable to take his prescribed medication and suffered withdrawal symptoms.

18.   ASLANISHVILI was charged with violations of PL 220.06(1) Criminal Possession of a Controlled Substance in the Fifth Degree and PL 220.03 Criminal Possession of a Controlled Substance in the Seventh Degree.

19.   All charges were dismissed on March 25, 2014.

20.   That heretofore and on the 11th day of March, 2014, ASLANISHVILI's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of ASLANISHVILI, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

21.   That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

22.   Paragraphs 1 through 21 of this complaint are hereby realleged and incorporated by reference herein.

23.   That Defendants had neither valid evidence for the arrest of ASLANISHVILI nor legal cause or excuse to seize and detain him.

4

24.   That in detaining ASLANISHVILI without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. ASLANISHVILI was but one of those persons.

25.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

26.   As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.  In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

27.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of ASLANISHVILI's rights alleged herein.

28.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of ASLANISHVILI's rights, subjected ASLANISHVILI to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29.   By reason of the foregoing, ASLANISHVILI suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI.  SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

30.   Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31.   That the seizure, detention and imprisonment of ASLANISHVILI was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

32.   That Defendants intended to confine ASLANISHVILI.

33.   That ASLANISHVILI was conscious of the confinement and did not consent to it.

34.   That the confinement was not otherwise privileged.

35.   By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of ASLANISHVILI's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

36.   That by reason of the foregoing, ASLANISHVILI suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

37.   Paragraphs 1 through 36 are hereby realleged and incorporated by reference herein.

38.   That Defendants, with malicious intent, arrested ASLANISHVILI and initiated a criminal proceeding despite the knowledge that ASLANISHVILI had committed no crime.

39.   That all charges against ASLANISHVILI were terminated in his favor.

40.   That there was no probable cause for the arrest and criminal proceeding.

41.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of ASLANISHVILI'S rights, deprived ASLANISHVILI of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

42.   That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, ASLANISHVILI was maliciously prosecuted despite the fact that he had committed no violation of the law.

43.   That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

44.   That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

45.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of ASLANISHVILI's rights alleged herein.

46.   That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

47.     That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

48.     That by reason of the foregoing, ASLANISHVILI suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

49.     Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50.     That Defendants acted with malicious intent, arrested Plaintiff ASLANISHVILI and initiated a criminal proceeding despite the knowledge that ASLANISHVILI had committed no crime.

51.     All charges against ASLANISHVILI have been dismissed.

52.     That there was no probable cause for the arrest and criminal proceedings.

53.     That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of ASLANISHVILI's rights, deprived ASLANISHVILI of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

54.     That by reason of the foregoing, ASLANISHVILI suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

55.   Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56.   By fabricating evidence, defendants violated ASLANISHVILI's constitutional right to a

fair trial.

57.   Defendants were aware or should have been aware of the falsity of the information used

to prosecute plaintiff.

58.   As a result of the above constitutionally impermissible conduct, ASLANISHVILI was

caused to suffer personal injuries, violation of civil rights, economic damages, emotional

distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation

and standing within his community.

X. SIXTH CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

59.   Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60.   That Defendants failed to intervene when Defendants knew or should have known that

ASLANISHVILI's constitutional rights were being violated.

61.   That Defendants had a realistic opportunity to intervene on behalf of ASLANISHVILI,

whose constitutional rights were being violated in their presence.

62.   That a reasonable person in the Defendants' position would know that ASLANISHVILI's

constitutional rights were being violated.

63.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of

state law and within the scope of their authority, in gross and wanton disregard of

ASLANISHVILI's rights, deprived ASLANISHVILI of his liberty when they failed to

intervene to protect him from Defendants' use of excessive force, in violation of

ASLANISHVILI's rights pursuant to Fourteenth Amendment of the United States Constitution.

64. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, ASLANISHVILI was not protected from Defendants' unconstitutional actions.

65. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

66. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of ASLANISHVILI's rights alleged herein.

68. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

69. That by reason of the foregoing, ASLANISHVILI suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

10

## XI.  SEVENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

70.   Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71.   That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

72.   That at all times Defendants were acting within the scope of their employment.

73.   That Defendant CITY was able to exercise control over Defendants activities.

74.   That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, ASLANISHVILI suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XII.  EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL SEARCH)

75.   Paragraphs 1 through 74 are hereby realleged and incorporated by reference herein.

76.   That Defendants searched ASLANISHVILI's person.

77.   That Defendants' search of ASLANISHVILI's person was unlawful in that Defendants did not obtain a search warrant before search ASLANISHVILI's person, lacked probable cause to search ASLANISHVILI's person, and lacked probable cause to arrest ASLANISHVILI.

78.   That upon information and belief, defendant CITY has a policy and/or custom of unlawfully searching persons.

79.   By reason of the unlawful search of ASLANISHVILI's person, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived ASLANISHVILI of his privacy

and property, in violation of rights secured to him under the Fourth and Fourteenth

Amendments of the United States Constitution.

### XIII. NINTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

80.   Paragraphs 1 through 79 are hereby realleged and incorporated by reference herein.

81.   That Defendants, including but not limited to unknown employees of CITY, strip

searched Plaintiff ASLANISHVILI absent a requisite reasonable suspicion that Plaintiff

was concealing weapons or contraband.

82.   That Defendants had no legally sufficient cause to strip search Plaintiff ASLANISHVILI.

83.   That by reason of Defendants acts and omissions, Defendants acting under color of State

law and within the scope of their authority, in gross and wanton disregard of Plaintiff's

rights, subjected Plaintiff to an illegal strip search, in violation of his rights pursuant to

the Fourth and Fourteenth Amendments of the United States Constitution.

84.   As a result of the above constitutionally impermissible conduct, plaintiff

ASLANISHVILI wase caused to suffer personal injuries, violation of civil rights,

economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of

freedom and damage to his reputation and standing within his community.

### XIV. TENTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL STRIP SEARCH)

85.   Paragraphs 1 through 84 are hereby realleged and incorporated by reference herein.

86.   That Defendants strip searched Plaintiff absent a requisite reasonable suspicion that

Plaintiff was concealing weapons or contraband.

87.   That Defendants had no legally sufficient cause to strip search Plaintiff.

88.    That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an illegal strip search violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

89.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

XV. ELEVENTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

90.    Paragraphs 1 through 89 are hereby realleged and incorporated by reference herein.

91.    Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

92.    Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

93.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, ASLANISHVILI has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, ASLANISHVILI respectfully requests that judgment be entered:

1.      Awarding ASLANISHVILI compensatory damages in a full and fair sum to be

        determined by a jury;

2.      Awarding ASLANISHVILI punitive damages in an amount to be determined by

        a jury;

3.      Awarding ASLANISHVILI interest from January 24, 2014;

4.      Awarding ASLANISHVILI reasonable attorney's fees pursuant to 42 USC §

        1988; and

5.      Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       January 12, 2014

                                        _____
                                        DAVID A. ZELMAN, ESQ.
                                        (DZ 8578)
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718) 604-3072